IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHIEF CARMELA LYNN JACKSON-LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENT DONALD TRUMP, GOV. JOSH GREEN,<br><br>Defendants. | Case No. 26-cv-00447-DKW-KJM<br><br>**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) HOLDING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS IN ABEYANCE**[1] |

On August 25, 2026, *pro se* Plaintiff Carmela Lynn Jackson-Lewis filed this action against President Donald Trump and Governor Josh Green pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On the same day, Jackson-Lewis filed an application to proceed *in forma pauperis* ("IFP Application").[2] Dkt. No. 3.

Jackson-Lewis' Complaint is frivolous as well as incomprehensible. Interpreted liberally,[3] Jackson-Lewis alleges that the rights of her and "all citizens"

---

[1]Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2]The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[3] The Court liberally construes a pro se Complaint. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

were violated by "codes" that "adhere to a systematic homosexual, pedophile system" which is "murdering the all natural [sic] life cycle." Dkt. No. 1 at 3–4. She claims that the Department of Homeland Security and the "homosexual communities of Blackfeet/Cherokee" have "illegally charged crypto currency through tracking devices . . . everyday since my birth," and that Defendants "stole everything I worked for, including my all natural [sic] children and their placentas." *Id*. at 4. For her relief, Jackson-Lewis demands, without elaboration, that Defendants "[s]tay the fuck away from me." *Id*. at 5.

The Complaint must be dismissed. Jackson-Lewis' allegations are nonsensical and cannot form the basis of any claim, even when construed in the most generous manner possible. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("Courts of Appeals have recognized § 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegations not supported by any facts."); *Patel v. United States*, 2023 WL 9045535, at *3 (D. Haw. Dec. 29, 2023) (dismissing *pro se* complaint as frivolous because allegations of being secretly controlled by "stress technology" were "implausible and fanciful"). Given that the Complaint is devoid of any factual or legal basis, the Court's only option is to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed.R.Civ.P. 8(a)(1).

Typically, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–978 (9th Cir. 2013). The Court has little confidence that amendment would cure the Complaint's defects, but must nevertheless DISMISS the Complaint without prejudice and with leave to amend. Jackson-Lewis may have until September 14, 2026 to file an amended complaint consistent with a litigant's ethical obligations under Fed.R.Civ.P. 11(b) and the pleadings standards set forth in *Iqbal* and Fed.R.Civ.P. 8. The Court cautions Jackson-Lewis that failure to file a timely amended complaint will result in the dismissal of this action without further notice.

The IFP Application, Dkt. No. 3, is held in abeyance, pending receipt and review of an amended complaint.

IT IS SO ORDERED.

DATED: August 27, 2026 at Honolulu, Hawai'i.

/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge