IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHIEF CARMELA LYNN JACKSON-LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT DONALD TRUMP, GOV.<br>JOSH GREEN,<br><br>Defendants. | Case No. 26-cv-00447-DKW-KJM<br><br>**ORDER DISMISSING CASE** |

On August 25, 2026, *pro se* Plaintiff Carmela Lynn Jackson-Lewis filed this action against President Donald Trump and Governor Josh Green pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Dkt. No. 1. On the same day, Jackson-Lewis filed an application to proceed in forma pauperis ("IFP Application"). Dkt. No. 3. In an August 27, 2026 Order, the Court dismissed the Complaint with leave to amend, and held the IFP Application in abeyance. Dkt. No. 6. The August 27, 2026 Order gave Jackson-Lewis until September 14, 2026 to file an amended complaint. *Id.* In addition, Jackson-Lewis was cautioned that failure to file a timely amended complaint could result in dismissal of this action without further notice. *Id.*

Since August 27, 2026, however, Jackson-Lewis has not filed an amended complaint, even though the deadline to do so has now long passed. Instead, Jackson-Lewis has filed a series of documents that do not respond to the August 27, 2026 Order or otherwise address the deficiencies identified therein. *See* Dkt. Nos. 7–9. In this light, as indicated in the August 27, 2026 Order and more fully explained below, the appropriate action to now take is dismissal of this case without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Before dismissing such an action, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1260–61). Upon careful consideration of these factors, the Court concludes that dismissal without prejudice is warranted under the circumstances.

First, Jackson-Lewis's failure to comply with the August 27, 2026 Order hinders resolution of this case on the merits, and, thus, the public's interest in expeditious resolution of litigation. As such, this factor favors dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Jackson-Lewis's failure to comply with the August 27, 2026 Order hinders this Court's ability to manage its docket. Simply put, this Court cannot manage its docket if litigants, like Jackson-Lewis, fail to timely follow clear instructions, such as the need to file an amended complaint. As such, this factor favors dismissal.

Third, the risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642; *Yourish*, 191 F.3d at 991. Here, Jackson-Lewis has offered no discernible excuse or explanation for the failure to comply with the August 27, 2026 Order. Instead, Jackson-Lewis appears to believe that this case is an excuse for her to file an unnecessary series of documents, such as written submissions replete with homophobic and racist slurs. *See, e.g.*, Dkt. No. 9 at 1–10. When a party offers a poor excuse for failing to comply with a court's order (or, in this case, no excuse),

the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. As a result, this factor favors dismissal.

Fourth, the Court attempted to avoid a less drastic alternative to dismissing this case. Specifically, Jackson-Lewis was provided with an opportunity to file an amended complaint, provided guidance on how to do so, and warned that failure to comply within the time allowed may result in dismissal of this action. Dkt. No. 6. Jackson-Lewis, however, has not availed herself of this opportunity. Thus, the only alternative would be to allow the case to proceed with nonsensical assertions that do not come close to stating a plausible claim. The Court declines to do that. As a result, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining that less drastic alternatives were considered, including warning the plaintiff that failure to comply would result in dismissal).

Finally, because public policy favors the disposition of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. The Court notes, though, that dismissal here is without prejudice.

In summary, with four of the five factors favoring dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with the August 27, 2026 Order. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (concluding that, when the other factors favor dismissal, they are not

outweighed by the public policy in favor of resolving a case on the merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that "dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 15, 2026 at Honolulu, Hawai'i.

/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge